**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| United States of America, ) | CASE NO. 5:11 CR 412 |
| ) | |
| Plaintiff/Respondent, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| vs. ) | |
| ) | |
| Michael Welch, ) | **Memorandum of Opinion and Order** |
| ) | |
| Defendant/Petitioner. ) | |

### Introduction

This matter is before the Court defendant's Motion to Vacate Under Section 2255 (Doc. 45). For the following reasons, the motion is DENIED.

### Facts

On appeal to the Sixth Circuit of his conviction and sentence following a jury's finding of guilt of being a felon in possession of a firearm, defendant argued that there was insufficient evidence to demonstrate that he possessed a firearm and that his sentence was unreasonable. In rejecting both grounds, the Sixth Circuit set forth the following background facts:

1

> During trial, the prosecution introduced into evidence a videotape of the traffic stop that led to Welch's arrest. The tape showed two men exiting the vehicle from the passenger side and fleeing the scene. As Welch exited the vehicle from the passenger side, an object fell to the ground between his feet. Welch bent down to retrieve the object, made a quick motion back toward the vehicle, then raised his hands and fell to the ground. The officers found a silver firearm with a dark-colored handle on the floor of the vehicle on the front passenger side. The officers testified that the only other objects found in the vehicle were a white paper bag on the rear floor, a black cell phone on the tray beside the cup holders in the front of the vehicle, and two compact discs that were inside the closed center console in the front of the vehicle. Welch's cell phone was found in his pocket, and the video did not show him placing into his pocket the item that he picked up from the ground. According to one of the officers, after Welch was taken into custody, but before he was asked any questions, he yelled, "you are not putting that gun on me."

*United States of America v. Michael Welch*, No. 12-3293 (6th Cir. Jan.23, 2013).

This matter is now before the Court upon defendant's Motion to Vacate Under Section 2255.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States.  To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir.2005).

**Discussion**

Defendant asserts two claims for relief: defendant suffered a miscarriage of justice due to police spoliation of evidence and his sentence was imposed unlawfully.

**(1) spoliation**

Defendant points to one of the police officer's testimony that as the front seat passenger fled the vehicle, he dropped something. When asked at trial, "What was it?" The officer responded, "It was a piece of fabric. We couldn't tell what it was. We thought it was a piece of a holster, but we never could figure it out." (Tr.transcript at 171) This evidence was not preserved. Defendant suggests that it would have connected the gun, which was found on the front seat floor, with the front seat passenger rather than defendant, who was seated in the back seat. Defendant also points to a police officer's testimony that the police did not take fingerprints off of the gun, did not take pictures of the crime scene, and did not take DNA samples off of the gun. (*Id.* at 206-209) All of this missing evidence would have supported defendant's claim of innocence.

The government asserts that defendant's spoliation claim is procedurally defaulted because he raised it for the first time in his § 2255 motion. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is actually innocent." *James v. U.S.*, 217 Fed.Appx. 431 (6th Cir. 2007) (quoting *Murray v. Carrier*, 477 U.S. 478 (1986)); *Logan v. U.S.,* 434 F.3d 503 (6th Cir. 2006) (Because defendant failed to raise the issue at trial or on direct appeal, defendant procedurally defaulted his claim.)

Defendant asserts that he did raise this issue at trial given that the officers were cross-examined as to whether they took fingerprints, DNA, and pictures. Counsel also addressed this lack of evidence during closing arguments when he noted that "when the first occupant of the car got out and ran away, he dropped something, too. And you heard the officer testify

3

that we thought that was a holster." But, counsel did not make a motion regarding spoliation, raise an objection, or otherwise assert the spoliation issue. Nor was the claim raised on direct appeal of defendant's conviction.

Defendant has not demonstrated cause showing that an objective factor prevented him from setting forth his spoliation arguments. Clearly, they were available to him at the time of trial and on direct review. Additionally, prejudice has not been shown because the jury did hear the testimony and arguments regarding the fabric and other forensic evidence, and they saw the fabric in the video. Moreover, as the Sixth Circuit concluded, the evidence weighed heavily in favor of possession of the firearm. Finally, even if the Court were to consider the claim on the merits, it would fail. First, the failure to collect the evidence of the fingerprints, pictures, or DNA is not an intentional destruction of evidence amounting to spoliation. Second, there is no evidence, at a minimum, that the officers were obligated to preserve the piece of fabric or that they had the requisite culpable state of mind.

For these reasons, the first ground does not warrant relief.

**(2) sentence**

Defendant does not address his second ground for relief which is, accordingly, denied.

**Conclusion**

For the foregoing reasons, defendant's Motion to Vacate Under Section 2255 is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.

                                             /s/ Patricia A. Gaughan  
                                            PATRICIA A. GAUGHAN  
                                            United States District Judge

Dated: 5/12/14